# CV 15 - 2842

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

☆FILED☆

2015 MAY 15   PM 6: 13

U.S. ... CLERK ...

------------------------------------------------------------------X

FABIAN RIVERA,

                         Plaintiff,

        -against-

CITY OF NEW YORK, THOMAS LITTLE, Individually,
SEAN DOWNES, Individually, and JOHN and JANE DOE
1 through 5, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                         Defendants.

**COMPLAINT**

Index No.

Jury Trial Demanded

# AMON, CH.J.
# MANN. M.J.

------------------------------------------------------------------X

       Plaintiff FABIAN RIVERA, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

       1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

       2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

       4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff FABIAN RIVERA is a thirty-six year old Hispanic man residing in Queens, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, THOMAS LITTLE, SEAN DOWNES, and JOHN and JANE DOE 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On February 15, 2014, at approximately 11:30 p.m., plaintiff FABIAN RIVERA was a lawful passenger in the rear passenger seat of a motor vehicle that was stopped for an alleged traffic violation by defendants LITTLE and DOWNES in the vicinity of South Conduit Boulevard and Belmont Avenue, Brooklyn, New York.

13.     At the time said motor vehicle was stopped, RIVERA was asleep in the rear passenger seat.

14.     Shortly after the initiation of the car stop, defendants LITTLE and DOWNES approached the rear passenger side of said vehicle, violently pulled RIVERA out of said vehicle, and repeatedly struck and kicked RIVERA on his head, face and body.

15.     As RIVERA lay helpless on the ground, defendants LITTLE and DOWNES were joined by, upon information and belief, defendants JOHN and JANE DOE 1 through 5, and all the defendants repeatedly struck and kicked RIVERA about the head, face and body.

16.     During the course of the assault on RIVERA, defendant officers struck RIVERA about the head, face, and body with, upon information and belief, a tactical asp and a hand-held radio.  One of the defendant officers handcuffed RIVERA.

17.     As a result of the defendants' assault, RIVERA lost consciousness, suffered lacerations to his face and lip, and bruising to his face, head and body.

18.     Thereafter, the defendant officers picked RIVERA up, escorted him to an ambulance and transported him to Brookdale University Hospital, where RIVERA was restrained by handcuffs while he was treated for his injuries.

3

19.     After receiving medical treatment, including stitches, NYPD officers transported RIVERA to the 75th police precinct stationhouse and searched, photographed, fingerprinted, and imprisoned RIVERA therein.

20.     Thereafter, NYPD officers transported RIVERA to Kings County central booking, where he was imprisoned until his arraignment in Kings County Criminal Court on baseless charges filed under docket no. 2014KN011450; said charges having been filed based on the false allegations of defendant LITTLE. Defendant LITTLE initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned acts of brutality.

21.     Defendants LITTLE and DOWNES conspired to create and manufacture false evidence against RIVERA, which LITTLE conveyed to the Kings County District Attorney's Office causing said evidence to be used against RIVERA in the aforementioned legal proceeding.

22.     Specifically, LITTLE falsely alleged that RIVERA refused LITTLE'S orders to remain in said vehicle, that RIVERA exited the vehicle, pursued LITTLE, swung multiple punches at LITTLE striking LITTLE on his chest, and that RIVERA resisted a lawful arrest by flailing his arms and legs and refusing to be handcuffed. These allegations are entirely false.

23.     As a result of these false allegations, defendants LITTLE and DOWNES caused RIVERA to be maliciously prosecuted on charges that RIVERA committed the following crimes: Assault in the Second Degree (P.L §. 120.05(3)); Assault in the Third Degree, (P.L. § 120.00(1)); Attempted Assault in the Third Degree, (P.L § 110/120.00(1)); Obstructing

4

Governmental Administration in the Second Degree, (P.L. § 195.05), Resisting Arrest, (P.L. § 205.30)); Endangering the Welfare of a Child, (P.L. § 260.10(1)); and Harassment in the Second Degree, (P.L. § 240.26(1)).

24.　　The false allegations levied against RIVERA, were dismissed and sealed in Kings County Criminal Court on August 29, 2014.

25.　　The defendant NYPD officers JOHN and JANE DOE 1 through 5 either directly participated in and/or failed to intervene in the excessive force used against RIVERA.

26.　　All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

27.　　The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the

5

defendants: manufacture false evidence against individuals in a conspiracy to justify their use of excessive force; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false arrest.

28.     In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

29.     Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

30.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiff FABIAN RIVERA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants LITTLE and DOWNES)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants LITTLE and DOWNES arrested plaintiff FABIAN RIVERA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40.     Defendants caused plaintiff FABIAN RIVERA to be falsely arrested and unlawfully imprisoned.

41.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendants LITTLE, DOWNES, and JOHN and JANE DOE 1 through 5)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     The level of force employed by defendants LITTLE, DOWNES, and JOHN and JANE DOE 1 through 5 was excessive, objectively unreasonable and otherwise in violation of plaintiff FABIAN RIVERA'S constitutional rights.

8

44.     As a result of the aforementioned conduct of the defendants, plaintiff FABIAN RIVERA was subjected to excessive force and sustained physical and emotional injuries.

45.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983
as to defendants LITTLE and DOWNES )

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants LITTLE and DOWNES created false evidence against plaintiff FABIAN RIVERA.

48.     Defendants utilized this false evidence against plaintiff FABIAN RIVERA in legal proceedings.

49.     As a result of defendants' creation and use of false evidence, plaintiff FABIAN RIVERA suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

50.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983
as to defendants LITTLE and DOWNES)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants LITTLE and DOWNES initiated, commenced and continued a malicious prosecution against plaintiff FABIAN RIVERA.

53.     Defendants caused plaintiff FABIAN RIVERA to be prosecuted without any probable cause until the charges were dismissed on or about August 29, 2014.

54.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to defendants LITTLE and DOWNES)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants LITTLE and DOWNES issued criminal process against plaintiff FABIAN RIVERA by causing his arrest and prosecution in a criminal court.

57.     Defendants caused plaintiff FABIAN RIVERA to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their acts of brutality and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

58.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983
### as to defendants JOHN and JANE DOE 1 through 5)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants JOHN and JANE DOE 1 through 5 had an affirmative duty to intervene on behalf of plaintiff FABIAN RIVERA, whose constitutional rights were being violated in their presence by other officers.

61.     The defendants failed to intervene to prevent the unlawful conduct described herein.

62.     As a result of the foregoing, plaintiff FABIAN RIVERA was subjected to excessive force and put in fear of his safety.

63.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

11

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff FABIAN RIVERA'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify their use of excessive force; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff FABIAN RIVERA.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff FABIAN RIVERA as alleged herein.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff FABIAN RIVERA as alleged herein.

71.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff FABIAN RIVERA was unlawfully arrested, subjected to excessive force and maliciously prosecuted.

72.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff FABIAN RIVERA'S constitutional rights.

73.     All of the foregoing acts by defendants deprived plaintiff FABIAN RIVERA of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from excessive force;

        D.     To be free from the failure to intervene;

        E.     To receive his right to fair trial;

        F.     To be free from malicious prosecution; and

        G.     To be free from malicious abuse of process.

74.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

80.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York
### as to defendants LITTLE, DOWNES and CITY OF NEW YORK)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants LITTLE and DOWNES arrested plaintiff FABIAN RIVERA without

probable cause.

83.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

84.     As a result of the aforementioned conduct, plaintiff FABIAN RIVERA was unlawfully imprisoned in violation of the laws of the State of New York.

85.     As a result of the aforementioned conduct, plaintiff FABIAN RIVERA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendants LITTLE, DOWNES, JOHN and JANE DOE 1 through 5,
and CITY OF NEW YORK)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     As a result of the foregoing, plaintiff FABIAN RIVERA was placed in apprehension of imminent harmful and offensive bodily contact.

89.     As a result of defendant's conduct, plaintiff FABIAN RIVERA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to

15

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendants LITTLE, DOWNES, JOHN and JANE DOE 1 through 5,
and CITY OF NEW YORK)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendants LITTLE, DOWNES and JOHN and JANE DOE 1 through 5 made offensive contact with plaintiff FABIAN RIVERA without privilege or consent.

93.     As a result of defendants' conduct, plaintiff FABIAN RIVERA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York
as to defendants LITTLE, DOWNES, and CITY OF NEW YORK)

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants LITTLE and DOWNES initiated, commenced and continued a malicious prosecution against plaintiff FABIAN RIVERA.

97.     Defendants caused plaintiff FABIAN RIVERA to be prosecuted without probable cause until the charges were dismissed on or about August 29, 2014.

98.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York
as to defendants LITTLE, DOWNES, and CITY OF NEW YORK)

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.     Defendants LITTLE and DOWNES issued criminal process against plaintiff FABIAN RIVERA by causing him to be arrested, arraigned and prosecuted in family court.

101.     Defendants caused plaintiff FABIAN RIVERA to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the above mentioned acts of brutality.

102.     As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York
as to defendant CITY OF NEW YORK)

103.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

17

paragraph numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff FABIAN RIVERA.

105.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

106.    As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York as to defendant CITY OF NEW YORK)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff FABIAN RIVERA.

109.    As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York
as to all defendants)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.    As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.    As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 as to all defendants)

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    As a result of defendants' conduct, plaintiff FABIAN RIVERA was deprived of his right to security against unreasonable searches, seizures, and interceptions.

118.    As a result of the foregoing, plaintiff FABIAN RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

20

**WHEREFORE,** plaintiff FABIAN RIVERA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 15, 2015

                                   LEVENTHAL & KLEIN, LLP
                                   Attorneys for Plaintiff FABIAN RIVERA
                                   45 Main Street, Suite 230
                                   Brooklyn, New York 11201
                                   (718) 722-4100

                          By:      _____
                                   JASON LEVENTHAL (JL1067)
                                   BRETT H. KLEIN (BK4744)

21